NLRB v. New Country Audi, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of January, two thousand twelve.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

_____

NATIONAL LABOR RELATIONS BOARD,

                     *Petitioner*,

             v.                                        10-4631

NEW COUNTRY AUDI, INC.,

                     *Respondent*.

_____

For Petitioner:          Michelle M. Devitt, Jill A. Griffin, Lafe E. Solomon, Celeste J. Mattina, John H. Ferguson & Linda Dreeben, National Labor Relations Board, Washington, D.C.

For Respondent:          Michael R. Hekle & Greg Riolo, Jackson Lewis LLP, White Plains, N.Y.

Petition to enforce an order of the National Labor Relations Board (Liebman, *Chairman*, Becker and Hayes, *Members*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the National Labor Relations Board be and it hereby is ENFORCED.

The National Labor Relations Board (the "Board") petitions this Court to enforce its order, dated November 9, 2010, against New Country Audi, Inc. (the "Company"). We assume the parties' familiarity with the facts of the matter, the procedural history of the matter, and the issues raised by the petition.

"[T]he narrow question" in this case is "whether the Board abused its discretion in certifying the election." *NLRB v. Arthur Sarnow Candy Co.*, 40 F.3d 552, 556 (2d Cir. 1994).

In general, "an election will not be set aside on the grounds of objectionable conduct occurring prior to the filing of the petition" by the union with the Board seeking to represent the workers in question. *ITT Lighting Fixtures v. NLRB*, 658 F.2d 934, 938 n.8 (2d Cir. 1981). While there is an exception to this general rule—for "clearly proscribed conduct likely to have had a significant impact on voting post-petition," *NLRB v. Semco Printing Ctr., Inc.*, 721 F.2d 886, 893 n.5 (2d Cir. 1983)—the remarks at issue in this case were at most enthusiastic political grandstanding that could not possibly "have had a significant impact on voting." *Id.*

We also do not think that an employee's mere mention of the whereabouts of a co-worker could have "inhibit[ed] the free choice of the voters" in any way. *Claussen Baking Co.*, 134 N.L.R.B. 111, 112 (1961). Furthermore, we cannot conclude that this incident established that the union had "kept a running tally during the voting on how . . . employees cast their ballots." *Janler Plastic Mold Corp.*, 208 N.L.R.B. 167, 168 (1974).

Finally, the Company was not "entitled to a hearing," given that it did not present any evidence that established "the existence of substantial and material factual issues which, if resolved in its favor, would require the setting aside of the representation election." *NLRB v. Hale Mfg. Co.*, 602 F.2d 244, 248 (2d Cir. 1979) (internal quotation marks omitted).

We have considered the Company's remaining arguments and find them unpersuasive. Accordingly, the order of the National Labor Relations Board is ENFORCED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk